IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS FERRER-VASQUEZ, | § | |
| | § | |
| Defendant Below, | § | No. 351, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1904016280 (N) |
| | § | |
| Appellee. | § | |

Submitted: October 19, 2022
Decided: December 21, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the opening brief, the motion to affirm, the motion to

strike, and the record on appeal, it appears to the Court that:

(1)    The appellant, Carlos Ferrer-Vasquez, filed this appeal from the

Superior Court's order denying his first motion for postconviction relief under

Superior Court Criminal Rule 61.  The State of Delaware has filed a motion to affirm

the judgment below on the ground that it is manifest on the face of Ferrer-Vasquez's

opening brief that his appeal is without merit.  Even if the motion to affirm was

untimely as Ferrer-Vasquez contends in his motion to strike,[1] the Court concludes

---

[1] A motion to affirm is due within ten days of the service of the opening brief.  Supr. Ct. R. 25(a).
"Whenever a participant has the right to or is required to do some act or take some proceeding
within a prescribed period after being served and service is made by mail or by eFiling, 3 days

that affirmance *sua sponte* is appropriate under Supreme Court Rule 25(c).

(2) In April 2019, a grand jury indicted Ferrer-Vasquez for first-degree murder and related offenses. The charges arose from Ferrer-Vasquez stabbing his wife to death. On March 2, 2020, Ferrer-Vasquez pleaded guilty to second-degree murder as a lesser-included offense of first-degree murder, possession of a deadly weapon during the commission of a felony ("PDWDCF"), and criminal contempt of a domestic violence protective order. The parties agreed to open sentencing and requested a presentencing investigation.

(3) Following a presentence investigation, the Superior Court sentenced Ferrer-Vasquez on October 30, 2020 as follows: (i) for second-degree murder, life imprisonment; (ii) for PDWDCF, ten years of Level V incarceration, suspended after two years; and (iii) for criminal contempt of a domestic violence protective order, one year of Level V incarceration, suspended for probation. Ferrer-Vasquez did not appeal.

(4) On February 22, 2022, Ferrer-Vasquez filed a motion for postconviction relief and a motion for appointment of counsel under Superior Court Criminal Rule 61. He also requested transcripts. He alleged that his trial counsel

---

shall be added to the prescribed period." Supr. Ct. R. 11(c). According to the certificate of service, Ferrer-Vasquez placed his opening brief in the mail on October 4, 2022. This Court received, and electronically docketed, the opening brief on October 10, 2022. The State filed the motion to affirm on October 19, 2022.

was ineffective for misinforming him of the maximum penalty for second-degree murder, failing to advise him of his right to appeal, and failing to present mitigation evidence at sentencing. In addition, he alleged that the interpreter mistranslated the maximum sentence for second-degree murder. The Superior Court asked trial counsel to submit an affidavit responding to Ferrer-Vasquez's allegations of ineffective assistance. Ferrer-Vasquez's counsel submitted an affidavit.

(5) On September 7, 2022, the Superior Court issued an order denying Ferrer-Vasquez's motion for postconviction relief. The Superior Court held that the motion was time-barred under Rule 61(i)(1). The court also found that Ferrer-Vasquez failed to identify any grounds for appeal, waived his right to appeal as part of his guilty plea, and was advised that he faced a potential life sentence. The court denied Ferrer-Vasquez's motions for appointment of counsel and transcripts as moot. This appeal followed.

(6) In his opening brief, Ferrer-Vasquez argues that the Superior Court abused its discretion in denying the motion because the interpreter mistranslated the sentence for second-degree murder and counsel failed to inform him of his right to appeal, misinformed him of the maximum penalty for second-degree murder, and failed to present mitigation evidence during the penalty phase.

(7) This Court reviews the Superior Court's denial of postconviction

3

relief for abuse of discretion.[2]  We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[3]  The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[4]

(8)  The Superior Court did not err in finding Ferrer-Vasquez's postconviction motion time-barred.  A postconviction motion is time-barred if "filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[5]  Ferrer-Vasquez's conviction became final thirty days after the Superior Court's imposition of sentence on October 30, 2020;[6] he filed his motion for postconviction relief more than a year and two months later on February 22, 2022.  Ferrer-Vasquez did not try to overcome the procedural bar by pleading a retroactively applicable right under Rule 61(i)(1), a lack of jurisdiction under Rule 61(i)(5), new evidence of actual innocence under Rule 61(i)(5) and 61(d)(2)(i), or a new rule of retroactive, constitutional law under Rule 61(i)(5) and 61(d)(ii).

(9)  As the Superior Court also recognized, the record did not support

---

[2] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[3] *Id.*
[4] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[5] Super. Ct. R. 61(i)(1).
[6] *Id.* 61(m)(1).

Ferrer-Vasquez's ineffective assistance claims. A successful claim of ineffective assistance requires a claimant to show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty but would have insisted on going to trial.[7] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[8]

(10) In the Truth-in-Sentencing Guilty Plea form, the box indicating that the defendant understands that by pleading guilty he is waiving his right to appeal with the assistance of counsel is checked yes. The form also includes the sentencing range of "15 – life" for second-degree murder.[9] In his affidavit, Ferrer-Vasquez's counsel stated that he advised Ferrer-Vasquez, through an interpreter, that he would give up or waive his right to appeal by pleading guilty. Counsel also explained to Ferrer-Vasquez that second-degree murder carried a potential sentence of fifteen years to life imprisonment.

(11) During the guilty plea colloquy, the Superior Court advised Ferrer-Vasquez, through an interpreter, that by pleading guilty he would waive certain constitutional rights, including the right to appeal with the assistance of counsel. The court also advised Ferrer-Vasquez, more than once, that he faced a potential life

---

[7] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[8] *Albury*, 551 A.2d at 59 (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1988)).

[9] Motion to Affirm, Exhibit C.

sentence. Ferrer-Vasquez claims that during his meeting with trial counsel and his guilty plea colloquy the interpreter mistranslated the sentence he faced for second-degree murder as fifteen to twenty-five years of imprisonment instead of fifteen years to life imprisonment, but the Truth-in-Sentencing Guilty Plea form shows a sentence of "15 – life" for second-degree murder, not "15 – 25."[10] Ferrer-Vasquez states that he does not read, write, or speak English, but does not claim that he cannot read or understand numbers. The letter trial counsel sent to Ferrer-Vasquez accurately reflects that his plea to second-degree murder meant he avoided the mandatory life sentence a first-degree murder conviction would carry.

(12) As to Ferrer-Vasquez's contention that his trial counsel failed to present mitigation evidence during the penalty phase, he is mistaken. Ferrer-Vasquez's counsel obtained a psychiatric evaluation of Ferrer-Vasquez that he provided to the Superior Court and discussed at sentencing. Counsel argued that the circumstances of Ferrer-Vasquez's upbringing, his inability to obtain mental health treatment that could have helped him and his family, and his lack of criminal history supported less than the life imprisonment sentence sought by the State.

(13) In imposing a life sentence, the Superior Court acknowledged the mitigation efforts of Ferrer-Vasquez's counsel, but ultimately found those efforts unpersuasive. The court noted during the hearing that Ferrer-Vasquez had stabbed

---

[10] *Id.*

6

the victim seventeen times and confirmed that Ferrer-Vasquez had been served with the protective order the victim had obtained before he killed her. Ferrer-Vasquez has not shown that his counsel's conduct fell below an objective standard of reasonableness or that there was a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. The Superior Court did not err in denying Ferrer-Vasquez's motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice